IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., UNILOC 2017 LLC and UNILOC LICENSING USA LLC, | § § § § | Civil Action No. 2:18-cv-00357 |
| Plaintiffs, | § § | |
| v. | § § | PATENT CASE |
| HUAWEI DEVICE USA, INC. and HUAWEI DEVICE CO. LTD., | § § § § | |
| Defendants. | § § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc., Uniloc 2017 LLC and Uniloc Licensing USA LLC (together "Uniloc"), for their complaint against defendants, Huawei Device USA, Inc. and Huawei Device Co. Ltd. (together "Huawei"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. is a Texas corporation having regular and established places of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024 and 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc 2017 LLC is a Delaware corporation having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

3. Uniloc Licensing USA LLC is a Delaware corporation having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

4. Uniloc is the owner of all substantial rights, interest and title in and to U.S. Patent No. 6,836,654 ("the '654 Patent"), entitled ANTI-THEFT PROTECTION FOR A RADIOTELEPHONY DEVICE which issued on December 28, 2004. A copy of the '654 Patent is attached as Exhibit A

5. Huawei Device USA, Inc. is a Texas corporation having a principal place of business at 5700 Tennyson Parkway, Plano, Texas 75024 and may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

6. Huawei Device Co. Ltd. is a Chinese corporation having a principal place of business in Shenzen, China.

7. Huawei imports, uses, offers for sale and/or sells its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas.

## JURISDICTION AND VENUE

8. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Huawei has committed acts of infringement in this judicial district and maintains regular and established places of business in this district, as set forth above.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,836,654)

10. Uniloc incorporates paragraphs 1-9 above by reference.

11. The '654 Patent describes in detail and claims in various ways inventions in systems and devices for improved blocking and unblocking of the operational mode of electronic devices such as cellphones, using timing and identifiers.

12. The '654 Patent describes problems and shortcomings in the then-existing field of antitheft measures for portable telephones and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. The technological improvements and solutions described and claimed in the '654 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

13. The inventions claimed in the '654 Patent involve and cover more than just the performance of well-understood, routine and/or conventional activities known to the industry prior to the invention of such novel and non-obvious methods, systems and devices by the '654 Patent inventor.

14. The inventions claimed in the '654 Patent represent technological solutions to technological problems. The written description of the '654 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

15. Huawei imports, uses, offers for sale and sells in the United States electronic devices that utilize antitheft measures, including those designated: Honor 10, Mate RS Porsche Design, P20 Series, Y7 Prime, Y9, Honor 7C, MediaPad Series, Honor Series Mate 10 Porsche Design, Mate Series, P9 lite mini, Y5, Y3, P10 Lite, Enjoy 6, Honor 9i, Enjoy 5s, G7 Plus,

Nexus 6P, GX8, P8lite, Snap To, G6005, G6800, Activa 4G, Fusion U8652, Ascend Series, Elate, Sensa LTE, Nova 2, Nova, Y6II and Summit (collectively "Accused Infringing Devices").

16. The Accused Infringing Devices are mobile radiotelephony devices incorporating antitheft technology that utilizes timing and identification codes to block and unblock normal operation of the device.

17. Huawei has infringed, and continues to infringe, claims of the '654 Patent in the United States, including claims 1, 3-5 and 7, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

18. Huawei specifically, knowingly and intentionally incorporates into the Accused Infringing Devices components and software that enable the devices to operate as described above to infringe the '654 Patent.

19. In its marketing, promotional and/or instructional materials, including those identified below, Huawei also intentionally instructs its customers to use the Accused Infringing Devices in a manner that causes the devices to infringe the asserted claims of the '654 Patent.

20. Huawei has also infringed, and continues to infringe, claims 1, 3-5 and 7 of the '654 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Huawei's customers who use those devices in accordance with Huawei's instructions infringe claims 1, 3-5 and 7 of the '654 Patent, in violation of 35 U.S.C. § 271(a). Huawei intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides and instructional and marketing materials, such as those located at one or more of the following:

- www.huawei.com
- https://consumer.huawei.com/us/support/

- https://consumer.huawei.com/us/support/phones/mate10-pro/

- www.hihonor.com/us/support/manual-list/index.html

- https://consumer.huawei.com/us/support/phones/ascend-xt/

- https://consumer.huawei.com/et-en/support/phones/y7/

- https://support.huawei.com/

- HUAWEI P20 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI P20 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI P10 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI P9 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y9 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y9 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y7 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y7 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y5 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y5 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y3 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Y3 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI G7 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI G7 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor 10 User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor 10 Phone User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor 10 Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor9i User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor9i Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor 7C User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Honor 7C Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Nexus 6P User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Nexus 6P Mobile Phone User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI Nexus 6P Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI nova User Guide (available at https://consumer.huawei.com/us/support/)

- HUAWEI nova Quick Start Guide (available at https://consumer.huawei.com/us/support/)

- www.youtube.com/

- www.youtube.com/user/HuaweiDeviceCo

Huawei is thereby liable for infringement of the '654 Patent under 35 U.S.C. § 271(b).

21. Huawei has also infringed, and continues to infringe, claims 1, 3-5 and 7 of the '654 patent by offering to sell, selling and/or importing the Accused Infringing Devices knowing that the devices are used in practicing the processes, or using the systems, of the '654 patent, and constitute a material part of the invention. Huawei knows portions of the Accused Devices to be especially made or especially adapted for use in infringement of the '654 patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Huawei is thereby liable for infringement of the '654 Patent under 35 U.S.C. § 271(c).

22. Huawei will have been on notice of the '654 Patent since, at the latest, the service of this complaint upon it. Huawei has also been on notice of Uniloc's infringement allegations and theory of infringement since that date of service, and thus has known that its continued actions would induce and contribute to the infringement of claims of the '654 Patent. Despite that knowledge, and as further evidence of its intent, Huawei has refused to discontinue its infringing acts and has also induced infringement by failing to remove the infringing functionality from the Accused Infringing Devices or otherwise place a non-infringing limit on their use.

23. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1, 3-5 and 7 of the '654 Patent.

24. Huawei may have infringed the '654 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

25. Uniloc has been damaged by Huawei's infringement of the '654 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Huawei:

(A) declaring that Huawei has infringed the '654 Patent;

(B) awarding Uniloc its damages suffered as a result of Huawei's infringement of the '654 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: August 14, 2018.                                  Respectfully submitted,

/s/ Edward R. Nelson III
Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nbafirm.com
Texas State Bar No. 24061270
Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**